IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUICKMART #2, INC. and<br>FRED WILSON,<br><br>    Plaintiffs,<br><br>vs<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY and MAI McCOY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. CIV-13-1342-D |

**O R D E R**

Before the Court is Plaintiffs' motion to remand this case to state court from which it was removed [Doc. No. 8]. Defendant State Farm Fire and Casualty Company ("State Farm") removed the action, with Defendant Mai McCoy's consent, based on diversity of citizenship, asserting that Defendant Mai McCoy was fraudulently joined because the statute of limitations had run on Plaintiffs' claims against her. *See* Notice of Removal [Doc. No. 7] at ¶¶ 12-15. State Farm also asserted that Plaintiff Quickmart #2, Inc. must be dismissed as a plaintiff because it is a fictitious entity with no legal capacity to sue in Oklahoma.

In their motion to remand, Plaintiffs deny that Quickmart is a fictitious entity without the capacity to sue, but they offer no evidence that it is a valid corporation with capacity to sue. In any event, they direct their motion to remand to the central issue of whether Defendant Mai McCoy is fraudulently joined. Plaintiffs contend their claims for negligent procurement of insurance against Defendant McCoy are not untimely because Defendant

State Farm did not deny coverage for them until July 3, 2012, when State Farm filed its Amended Complaint in Case No. CIV-11-842-D.

Defendant State Farm, however, has submitted evidence that Plaintiff Wilson was advised on September 15, 2010, that the policy application was in the name of Kevin Bimalarjah, and that Plaintiff Wilson complained to State Farm that Defendant McCoy had made a mistake in leaving Mr. Bimalarajah's name on the policy instead of replacing it with Wilson's name. *See* Affidavit of Chris Johnson (Exhibit 12 to Notice of Removal) at ¶¶ 3-4, and Activity Log (Exhibit 13 to Notice of Removal). State Farm has also submitted evidence that Quickmart #2, Inc. is not registered to do business in the State of Oklahoma, and the only corporation with a similar name had its corporate status terminated in 2009. *See* Affidavit of Holly D. Shull (Exhibit 14 to Notice of Removal) at ¶ 3.

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and in making that determination all factual and legal issues must be resolved in favor of the plaintiff. *Id*. To prove its allegations of fraudulent joinder, Defendant State Farm must demonstrate that there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant McCoy in state court. *See Monsanto v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1-2 (10th Cir. April 14, 2000) (unpublished). The non-liability of the allegedly fraudulently joined party

must be established with complete certainty on undisputed evidence. *See Smoot v. Chicago Rock Island & Pacific R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). When fraudulent joinder is alleged, as here, the Court can pierce the pleadings, "consider the entire record, and determine the basis of joinder by any means available." *Id.* And if fraudulent joinder is established, the Court may properly retain the case and dismiss the fraudulently joined defendant. *See id.*

Evidence submitted by Defendant State Farm with its Notice of Removal, which is uncontroverted by Plaintiffs, establishes that Plaintiff Wilson knew or should have known that he was not a named insured under the subject policy of insurance on September 15, 2010. *See Kordis v. Kordis*, 37 P.3d 866, 869 n.3 (Okla. 2001) (statute of limitations begins to run when a plaintiff "knows, or in the exercise of due diligence, should have known of the injury"). Accordingly, Plaintiff Wilson's negligence claim against Defendant McCoy is barred by the applicable two-year statute of limitations, Okla. Stat. tit. 12, § 95(3), inasmuch as this suit was not filed until October 16, 2013. Plaintiffs seem to argue that they have a claim against Defendant McCoy for breach of a duty of good faith and fair dealing, but such a claim is only available against an insurer. *See Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907, 913 (Okla. 1982). Thus, Defendant State Farm has demonstrated with certainty that it is impossible for Plaintiff Wilson to establish a cause of action against Defendant McCoy, the non-diverse party, in state court. Defendant State Farm has established Defendant McCoy's fraudulent joinder, and the Court may properly dismiss that Defendant.

In addition, Defendant has submitted evidence, which is uncontroverted, showing that Plaintiff Quickmart #2, Inc. is not a legal entity registered to do business in this state. Accordingly, that entity lacks the capacity to sue. *Cf. Williams v. Smith & Nephew, Inc.*, 212 P.3d 484 (Okla. 2009) (suspension of corporate charter renders corporation a non-entity with no right to sue); *Century Investment Group, Inc. v. Bake Rite Foods, Inc.*, 7 P.3d 510 (Okla. Civ. App. 2000) (same). Thus, because the entity named as a plaintiff lacks the capacity to sue, it has not and cannot state a claim on which relief can be granted, and should be dismissed as a party plaintiff.

In accordance with the foregoing, Plaintiffs' motion to remand [Doc. No. 8] is DENIED and Defendant Mai McCoy is DISMISSED as fraudulently joined. Additionally, Plaintiff Quickmart #2, Inc. lacks the capacity to sue and is DISMISSED.

IT IS SO ORDERED this 3rd day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE