IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUICKMART #2, INC. and<br>FRED WILSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. CIV-13-1342-D |
| STATE FARM FIRE AND CASUALTY<br>COMPANY and MAI McCOY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment [Doc. No. 23], filed pursuant to Fed. R. Civ. P. 56. Plaintiff has timely responded to the Motion, which is fully briefed and at issue.

## **Factual and Procedural Background**

This diversity case was brought by Plaintiff Fred Wilson and a purported corporation, Quickmart #2, Inc., which was later determined to be a fictitious entity. Plaintiff filed suit in state court against Defendant and its agent, Mai McCoy. Defendant removed the case to federal court based on allegations of fraudulent joinder, which were determined to be true. The remaining claims stated in Plaintiff's pleading allege breach of an insurance contract and breach of the insurer's duty of good faith and fair dealing. Defendant seeks summary judgment on both claims on the ground that Plaintiff was not an insured under the business insurance policy at issue.

## Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Undisputed Facts[1]

Effective December 1, 2008, Defendant insured a convenience store located at 2400 S. Central Avenue in Oklahoma City, Oklahoma, under a business insurance policy issued to Kevin Bimal or Bimalarajah d/b/a Quickmart #2, Inc. The application for the policy reflected that the applicant was an individual doing business as Quickmart #2, Inc. The named insured on the declarations page for the policy was Quickmart #2, Inc.

Plaintiff purchased the business known as Quickmart #2 from Mr. Bimalarajah on December 11, 2008. Plaintiff then met with Defendant's agent, Mai McCoy, concerning the business insurance policy and arranged to pay the premium. Plaintiff states that following the meeting, he believed that Mr. Bimalarajah was no longer on the policy. Plaintiff paid the insurance premiums on a monthly basis from a bank account in the name of "Insing LLC dba Quickmart" from February, 2009, through approximately August, 2010. *See* Wilson Aff. [Doc. No. 24-1], ¶ 6.[2] Defendant issued a policy renewal in the name of Quickmart #2, Inc. on December 1, 2009. Plaintiff states that if he had known there was any question whether

---

[1] This statement includes material facts presented by both parties that are supported as required by Fed. R. Civ. P. 56(c)(1). If a party has asserted a fact, or asserted that a fact is disputed, but has failed to provide necessary support, the assertion is disregarded. All facts are stated in the light most favorable to Plaintiff.

[2] Although Defendant objects to the bank records submitted by Plaintiff as hearsay, the facts stated in Plaintiff's affidavit based on his personal knowledge may properly be considered under Rule 56(c). Also, a proper objection under Rule 56(c)(2) is that the material "cannot be presented in a form that would be admissible in evidence."

he was an insured under the business policy issued to Mr. Bimalarajah, he "would have cancelled it and purchased insurance somewhere else." *Id*. ¶ 11.

Believing he was an insured or had coverage under the business policy, Plaintiff notified Defendant of losses due to theft on May 15, 2010, and fire on June 14, 2010. In processing the claims, a dispute arose concerning whether Plaintiff or Mr. Bimalarajah was entitled to the proceeds. Mr. Bimalarajah alleged that he sold the business to Plaintiff under an executory contract that had not been completed because money was still owed. Mr. Bimalarajah claimed he retained an insurable interest and he was entitled to the insurance proceeds. Plaintiff and Mr. Bimalarajah subsequently settled their dispute regarding the sale.

During the pendency of the dispute between Plaintiff and Mr. Bimalarajah, Defendant filed an interpleader action on July 25, 2011, seeking a judicial determination of competing claims to the insurance proceeds. The action was subsequently dismissed on November 28, 2012, without payment to Plaintiff.[3] He filed this lawsuit on October 16, 2013.

As pertinent to the summary judgment issues, the business policy purchased by Mr. Bimalarajah and maintained by Plaintiff covered accidental loss to business personal property and loss of income. Under the terms of the policy, these coverage provisions applied to business personal property at the premises, including "property you own that is used in your business" and "property of others that is in your care, custody or control," and provided payment "for the actual loss of 'business income' you sustain due to necessary

---

[3] Defendant states in argument that payment of the insurance proceeds for the loss claims was properly made to Mr. Bimalarajah as the named insured, but no evidence of payment is presented.

suspension of your 'operations.'" *See* Def.'s Mot. Summ. J., Ex. 3 [Doc. No. 23-4], pp. 6 and 8 (ECF page numbering). The policy defines the terms "you" and "your" to mean "the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under the policy." *Id*., p. 5. Defendant notes two specific conditions applicable to the coverage provisions:

> No Benefit to Bailee: No person or organization, other than you, having custody of covered property will benefit from this insurance.
>
> Transfer of Your Rights and Duties Under This Policy. Your rights and duties under this policy may not be transferred without our written consent except in the case of the death of an individual Named Insured.

*Id*., pp. 24, 40 (ECF numbering).

## Defendant's Motion

Defendant asserts that Plaintiff was not the named insured in the business policy, was not listed as an additional insured, and never applied to be a named insured. Defendant argues that Plaintiff "is a true third-party, outside of either a contractual or statutory relationship with State Farm." Def.'s Mot. Summ. J. [Doc. No. 23] at 6, 11. Accordingly, Defendant contends it neither breached the insurance contract by failing to pay Plaintiff nor owed him a duty of good faith and fair dealing as its insured. In response, Plaintiff contends he and Defendant's agent clearly intended for him to be the named insured in the business policy for which he paid, and that the failure to transfer the policy to him was a mistake. Plaintiff argues that the policy should be reformed to express the contract intended by the parties.

5

**Discussion**

Defendant contends, and Plaintiff does not disagree, that the named insured on the policy is Mr. Bimalarajah because the name of his sole proprietorship or "d/b/a" is listed as the insured, in both the original policy and the renewal policy issued after Plaintiff bought the business. Defendant relies on a principle of Oklahoma law, which governs this dispute, holding "that in the case of a sole proprietorship, the firm name and the sole proprietor's name are but two names for one person." *See Bishop v. Wilson Quality Homes*, 986 P.2d 512, 514-15 (Okla. 1999). Defendant also relies on a "significant number of authorities" from other jurisdictions adopting the view that "when an insurance policy lists a sole proprietorship's trade name as the 'named insured,' the policy provides coverage to the sole proprietor." *See* Def.'s Mot. Summ. J. [Doc. No. 23] at 6-7 (citing cases).[4] If this view is accepted, Plaintiff is not insured under the business policy and cannot prevail on either his breach of contract or bad faith claims.

Plaintiff seeks to avoid this result by claiming that he is entitled to reformation of the insurance contract based on facts showing that the parties intended him to be the named insured.[5] Plaintiff argues that an insurance agent can bind the insurer by his agreements and

---

[4] Defendant also cites an opinion of the Oklahoma Supreme Court, *American Economy Ins. Co. v. Bogdahn*, 89 P.3d 1051 (Okla. 2004), in which the court was asked to decide whether a sole shareholder's family member was covered under a corporation's policy. In surveying the decisions of other courts, the supreme court distinguished one case as "not on point because the named insured was an individual's trade name, not a corporation." *Id*. at 1057 n.4. Thus, the court apparently viewed a policy issued in a trade name as insuring an individual.

[5] Plaintiff presents no other basis to bring himself within the policy definition of "the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured."

6

representations, that Defendant's agent knew Plaintiff was purchasing the coverage provided under the business policy, and that "[t]he only reason [Plaintiff] was not the 'named insured' was due to State Farm's and/or its agent's mistake." *See* Pl.'s Resp. Br. [Doc. No. 24] at 7. Plaintiff urges that reformation of the insurance contract is warranted based on the following principle: "Where an insurance policy does not represent the parties' intentions because of the fault or the negligence of the agent writing the policy, the policy may be reformed to express the contract which was intended to be made." *Id.* at 13 (citing cases such as *Commercial Cas. Ins. Co. v. Connellee*, 9 P.2d 952, 953 (Okla. 1932), involving mutual mistake, and *Gentry v. Am. Motorist Ins. Co.*, 867 P.2d 468, 471 (Okla. 1994), involving constructive fraud).

The difficulty with Plaintiff's argument is that his pleading does not state a claim for reformation of the insurance contract, and does not request that remedy or plead a factual basis for it. Plaintiff has never requested at any time during this case to amend his pleading to seek reformation. Although the original state-court petition purported to assert a claim of negligence against Defendant's agent, Plaintiff did not assert that the alleged negligence of the agent was a basis for liability of Defendant, either under the insurance contract or some other legal theory.

Under the circumstances, the Court declines to permit Plaintiff to rely on an unasserted reformation theory to avoid summary judgment on his breach of contract and bad faith claims. While a district court has discretion to permit late amendments of a party's pleading, Plaintiff has neither requested this relief nor presented facts from which to

7

conclude that relief should be granted. In the context of this case, the Court agrees with numerous federal courts that have rejected a party's effort to raise a new theory of liability at the summary judgment stage. *See*, *e.g.*, *Gilmour v. Gates, McDonald, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (same); *On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GMBH*, 386 F.3d 1133, 1146 (Fed. Cir. 2004) (district court properly rejected effort to raise new basis for contract liability in summary judgment brief).

Another federal district court recently reached the same conclusion under similar circumstances. In *Premier Pools Management Corp. v. Colony Insurance Co.*, No. 2:13-CV-02038-JAM-EFB, 2014 WL 1366254 (E.D. Cal. April 7, 2014), the plaintiff sought coverage under an insurance policy in which it was not a named insured by asserting a legal theory of equitable estoppel. In opposition to the insurer's motion for summary judgment, however, the plaintiff alternatively argued that the insurer or its agent had "mistakenly failed" to list the plaintiff as an insured and the policy should be reformed. *See* 2014 WL 1366254 at *3. The district court declined to address the reformation argument, holding that the plaintiff "may not assert a theory of its insured status by seeking a remedy, reformation of the contract, which was not mentioned in its complaints, for the first time in its opposition to the opposing party's motion for summary judgment." *Id.* at *4.

The Court recognizes that the Tenth Circuit has "interpret[ed] the inclusion of new allegations in a response to a motion for summary judgment, as a potential request to amend the complaint." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). However, this notion "does not preclude the moving party from notice and an opportunity to be heard on whether an amendment should be permitted." *Id.* at 1212. In this case, Defendant in its reply brief opposes any effort by Plaintiff to amend his pleading, for reasons of undue delay and futility of amendment. The Court finds Defendant's objection to be well taken.

First, as noted by Defendant, the deadline to amend pleadings under the Scheduling Order in this case passed months ago. Further, Plaintiff suggests no reason why he did not request an amendment within the time period established by the case management schedule. Thus, on the present record, Plaintiff cannot establish either "good cause" for modifying the case schedule under Fed. R. Civ. P. 16(b)(4) or "excusable neglect" necessary to extend an expired deadline under Fed. R. Civ. P. 6(b)(1)(B).

Second, Plaintiff has not presented sufficient facts from which to obtain reformation of the business policy, supporting the conclusion that such an amendment would be futile. From argument in his brief, it is unclear whether Plaintiff relies on the ground of mutual mistake or constructive fraud. *See Hoar v. Aetna Cas. & Sur. Co.*, 968 P.2d 1219, 1223 (Okla. 1998) (stating grounds for reformation). The facts set forth in his affidavit appear to support only the latter theory, as articulated in *Gentry v. American Motorist Ins. Co.*, 867 P.2d 468 (Okla. 1994). Plaintiff does not state that his meeting with Defendant's agent resulted in an agreement to make him the named insured in the policy in place of

9

Mr. Bimalarajah; Plaintiff states only that afterward he "believed Mr. Bimalarajan was no longer on the policy." *See* Wilson Aff. [Doc. No. 24-1], ¶ 5.[6] Further, Plaintiff bases his reformation theory on arguments that Defendant's agent knew Plaintiff was paying the premiums for coverage and that the failure to substitute him as the named insured must have been "due to State Farm's and/or its agent's mistake." *See* Pl.'s Resp. Br. [Doc. No. 24] at 7. At most, it appears that Plaintiff alleges facts which suggest an assurance or representation of the agent that Plaintiff was covered under the policy, a breach of the agent's duty to inform Plaintiff of facts regarding the policy, and prejudice as a result of being misled by the agent. If established, these facts could provide a basis for a finding of constructive fraud. *See Gentry*, 867 P.2d at 470-71.

To obtain reformation, however, requires proof by "clear and convincing evidence." *Hoar*, 968 P.2d at 1223. Plaintiff's expressed belief that the business insurance policy was changed as a result of his meeting with the agent in December, 2008, is not supported by the documentary evidence submitted with his summary judgment brief. In investigating Plaintiff's claims, Defendant obtained the following account of Plaintiff's meeting with the insurance agent:

> Mr. Wilson bought [the store] in December 2008 then went in Mai McCoy's office to change the policy into his name. They called Bimal[arajah] but he did not want to change the name from his to Mr. Wilson's because he still had a financial interest in the store. However, the agent made arrangements to

---

[6] To prevail on a theory of mutual mistake requires proof of an agreement between the insurer's agent and the insured upon terms and conditions of an insurance contract and a policy later issued by the company that omits an essential element of the contract. *See Commercial Cas. Ins. Co. v. Connellee*, 9 P.2d 952, 952 (Okla. 1932) (syllabus by the court).

> draft Mr. Wilson's checking account for the monthly premium. Bimal[arajah] says Fred [Wilson] still owes him $31,216 from the sale.

*See* Pl.'s Resp. Br., Ex. 3 [Doc. No. 24-3] (activity notes entry dated 9-15-10). This evidence suggests that a change of the named insured in the policy was discussed with Defendant's agent but the named insured, Mr. Bimalarajah, opposed the transfer and no change was intended to be made at that time. Thus, on the present record, Plaintiff appears to lack clear and convincing proof that the agent's failure to replace Mr. Bimalarajah as the named insured was a mistake.

In summary, the Court finds that Plaintiff's submissions do not support even a potential motion to amend his pleading to assert a reformation theory of recovery as the named insured under the business policy. For this reason, and because Plaintiff has not demonstrated a genuine dispute of fact with regard to Defendant's showing that Plaintiff was not a party to the insurance contract and was not its insured, the Court finds that Plaintiff cannot establish an essential element of his claims.

## Conclusion

Based on the foregoing, Defendant is entitled to summary judgment on Plaintiff's breach of contract and bad faith claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 23] is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 23rd day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE